UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET M. SHIMON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-1392** |
| **SEWERAGE & WATER BOARD OF NEW ORLEANS, ET AL.** | **SECTION: "B"(3)** |

*This document relates to:*
*05-1392, 05-3729, 05-6660, 05-5944*

### OPINION

On July 19, 2006, the Court heard oral arguments on motions for summary judgment under Federal Rule of Civil Procedure 56 filed by the following third-party defendants:

(1) Third-party defendant James Construction Group, LLC ("James")[1] (Rec. Doc. No. 449);

(2) Third-party defendant Schrenk & Peterson Consulting Engineers, Inc. ("Schrenk") and Security Insurance Company of Hartford ("Security") (Rec. Doc. No. 451);

(3) Third-party defendant Brown, Cunningham & Gannuch, Inc. ("BCG") (Rec. Doc. No. 438);

---

[1] On December 18, 2002, the Angelo Iafrate Construction, LLC, changed its name to James Construction Group, Inc.

(4) Third-party defendant Fidelity & Guaranty Insurance Company ("Fidelity") (Rec. Doc. No. 440);

(5) Third-party defendant Continental Casualty Company ("Continental") (Rec. Doc. No. 439).

The motions raised common factual and legal issues in the consolidated cases. For the following reasons, along with oral findings made during the hearing on said motions, the motions for summary judgment are hereby **GRANTED.**

## Background

The Southeastern Louisiana Urban Flood Control Project, Napoleon Avenue Covered Canal ("the SELA Project") called for construction of drainage improvements in accordance with specifications and supervision provided by the Army Corps of Engineers ("Corps"); funding was provided by the federal government and the City of New Orleans in an arrangement between the Project's co-sponsors, the Corps, and Sewerage and Water Board ("SWB"). (Rec. Doc. No. 12 at 2).

Pursuant to the contract b/n the Corp and SWB, Schrenk (the engineering firm appointed by SWB) designed the SELA project, subject to the Corps' approval. On or about September 8, 1999, James entered into a contract with the Corps to perform the SELA Project. SWB hired BCG as consultants for the entire SELA project. As part of their responsibility, BCG implemented a vibration and dewatering monitoring program. To implement the programs, BCG hired Citywide Inspection and Testing ("Citywide") and James hired Eustis Engineering Company ("Eustis") to monitor the dewatering activity.

On October 16, 2001, Plaintiffs Carlos R. Galan, M.D., Jean and Fred Feran, and Rita

and Henry Holzenthal (the "Holzenthal, et al. claims") filed separate state court actions seeking recovery of damages allegedly caused by the SELA Project. (Rec. Doc. No. 449 "Exs. 1-3"). SWB filed third-party demands against several third-party defendants. Holzenthal, Feren, and Galan were severed (Rec. Doc. No. 521 at "Ex. A") consolidated and a non-jury trial was held before Judge Carolyn Gill-Jefferson in March and April, 2005. (Rec. Doc. No. 449 at "Ex. 4").

At the close of the S&WB's case, on April 25, 2005, the state court granted oral motions for involuntary dismissal in accordance with 1672(B) of the Louisiana Code of Civil Procedure, dismissing with prejudice, the S&WB's demands against the third-party defendants (Rec. Doc. No. 449 at "Ex. 5"). The state court granted judgement on those claims (Rec. Doc. No. 449 "Ex. 6"). The state judge also denied the SWB's motion for new trial (Rec. Doc. No. 449 "Ex. 8") and entered a judgment to that effect on March 10, 2006 (Rec. Doc. No. 449 "Ex. 7"). S&WB filed an appeal from the judgments to the Louisiana Court of Appeal, Fourth Circuit (Ex. D, SWB Binder); no decision has been rendered.

## Law and Analysis

"A federal court asked to give res judicata effect to a state court judgement must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Lafreniere Park Foundation v. Broussard, 221 F.3d 804, 808 (5th Cir. 2000); Production Supply Co., Inc. v. Fry Steel, Inc., 74 F.3d 76, 78 (5th Cir. 1996) (quoting E.D. Systems Corp. v. Southwestern Bell Tel. Co., 674 F.2d 453, 457 (5th Cir. 1982)).

In Louisiana, the state whose decision is up for consideration, provides statutory guidance for the Court. The Louisiana res judicata statute, La. R.S. 13:4231 provides, in pertinent part:

3

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to the judgment.

Moreover, a judgment is final when it decides the merits of the case, in whole or in part. La. Code Civ. P. art. 1841. The third-party defendants ask the Court for dismissal based on the *res judicata* effect of the state court judgment against SWB. They contend SWB has litigated to final judgment its claims arising from the SELA Project and having lost, SWB is now estopped from relitigating the claims against them in this Court.

Under La. R.S. 13:4231(2), the Louisiana Supreme Court in Burguieres v. Pollingue, 843 So. 2d 1049, 1053 (La. 2003), articulated a five part test for analyzing whether a second action should be barred on *res judicata* grounds if:

(1) the judgment is valid;

(2) the judgment is final;

(3) the parties are the same;

(4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and

(5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

See also Broussard, 221 F.3d at 809; Wooley v. State Farm Fire and Cas. Ins. Co., 893 So.2d

746, 771 (La. 2005).

The parties do not dispute (1) whether the state court judgment is valid[2] or (2) whether the causes of action asserted in the second suit existed at the time of final judgment in the first litigation. Therefore, the Court finds the third-party defendants have satisfied element 1 and element 4 of the res judicata test previously outlined.

The motions all turn on (1) whether the judgment, dated March 10, 2006, in accordance with the state court's April 25, 2006 determinations (Rec. Doc. No. 449, Ex. 5) denying a motion for a new trial (Rec. Doc. No. 449, Ex. 7), constitutes a final judgment with preclusive effects; (2) whether the parties in the state court actions are the "same" as the ones before this Court; and (3) whether the causes of action asserted in the instant suits arose out of the "transaction or occurrence" that was the subject matter of the state court litigation.

"FINAL JUDGMENT" REQUIREMENT

The third party defendants contend the judgment rendered in state court is final, for the purposes of the current res judicata analysis, even though the motion for a new trial is currently on appeal. (citing La. R.S. 13:4231, cmt (d) the "preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action further thereafter unless the judgment is reversed on appeal"). TPDs also contend that because the Holzenthal, Galan, and Feran actions were severed from those of the other petitioners, "parties agreed to the severance and understood the Judgments to be final, with the trial court retaining jurisdiction of the remaining untried claims." (Rec. Doc. No. 521 at 3).

---

[2]The first sentence of comment (d) of La. R.S. 13:4231 provides, "To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given."

In Energy Development Corp. v. St. Martin, 296 F.3d 356, (5th Cir. 2002), the Fifth Circuit reviewed Louisiana's res judicata state and held that a state court judgment is final for res judicata purposes when the trial court enters judgment. The court relied on comment (d) of the La. R.S. 13:4231, which provides that the "preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal." Id. at 356 (citing comment (d)). Although SWB has urged the Court not to consider the comment in its various replies, (without citing any authority for its position) the Court finds the weight of authority suggests we do so. Many federal and Louisiana state court cases have relied on comment (d) in determining a state court judgment is a "final judgment" for res judicata purposes, despite pending appeals or other circumstances. See Fidelity Standard Life Ins. Co. v. First Nat'l Bank & Trust Co. of Vidalia, Georgia, 510 F.2d 272, 273 (5th Cir. 1975) ("A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal");  Broussard, 221 F.3d at 810; Maples v. Leblanc, 02-3662, 2003 U.S. Dist. LEXIS 11389 (E.D.La. 2003).

SIMILARITY OF PARTIES

Also in dispute is whether the parties are the same. Although not explicitly stated in the statute, the Louisiana Supreme Court has found that "under La. R.S. 13:4231 the parties are the same when they appear in the same capacities in both suits." Burguieres, 843 So.2d at 1054. SWB argues the state court's ruling did not encompass the duties and obligations the third-party defendants owed to the plaintiffs in the cases before the court here, only the Holzenthal, et al. plaintiffs.

"[I]dentity of parties does not mean the parties must be the same physical or material

parties, but they must appear in the suit in the same quality or capacity." Broussard, 221 F.3d 810.  Moreover, when one party's interests were adequately represented by a second party to an earlier action who may be considered the first party's virtual representative because their interests are closely aligned, the presence of the first party in later litigation does not disrupt the res judicata analysis.  Forum for Equality, PAC v. McKeithen, 893 So. 2d 738, 745 (La. 2005).  The Court finds that the interests of the Shimon, Sheen, Blalock, and Smith plaintiffs are closely aligned with those of the Holzenthal,et al plaintiffs such that they could be considered their virtual representative for the purpose of res judicata analysis.

TRANSACTION OR OCCURRENCE

The primary contention is whether the causes of action asserted in the second suit "arose out of the same transaction or occurrence that was the subject matter of the first suit." Comment (a) to La. Rev. Stat. § 13:4231 explains that any actions arising from the same transaction or occurrence that was the subject matter of the prior litigation are barred.  La. Rev. Stat. § 13:4231, cmt.(a) (1990).[3] Here, the relevant occurrence in the state court litigation and the cases before this Court is the construction of the drainage improvement – the SELA Project.

Following a bench trial, the state court made the findings based on the evidence and testimony submitted during trial, and granted the involuntary motions to dismiss the third-party

---

[3] Specifically, the comment provides:
"The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. . . . For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action. La. R.S. 13:4231, Comment (a) (emphasis added). See Whitney Nat'l Bank v. Chatelain, 1992 U.S. Dist. LEXIS 4545 (E.D.La. 1992).

defendants again before this Court. The Court is not persuaded by SWB's argument that the SELA Project created a series of "transaction[s] or occurrence[s]" and that the damage to the four homes currently at issue before the Court arose out of separate transactions or occurrences. Instead, the Court finds that testimony concerning proximity of the house to the excavation and construction site, the duration and intensity of construction vibration, the duration and intensity of dewatering activities and soil and water level conditions surround the properties in question were a part of the testimony brought before the state court judge. Moreover, the causes of action brought against the TPDs arose from breach of contract claims. Testimony regarding these same contracts were presented in the state court proceedings. The instant third party actions arise out of the same contract (or contracts), to the extent there are any, the same transactions or occurrences.  The testimony was found insufficient to satisfy SWB's burden of proof and SWB cannot re-try the same issues here. See Whitney Bank v. Chatelain, 1992 U.S. Dist. LEXIS 4545 (E.D.La. 1992) (res judicata for counterclaims precluded by state court dismissal for alleged violation of oral credit agreements because they arise out of the same transactions or occurrences).

Having satisfied each element of the Louisiana statute's res judicata requirements, the Court hereby **GRANTS** the motions for summary judgment in favor of the third-party defendants.

New Orleans, Louisiana, this 24th day of July, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE