```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**MARGARET M. SHIMON, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                        **NO: 05-1392**

**SEWERAGE & WATER BOARD OF**                     **SECTION: "B"(3)**
**NEW ORLEANS, ET AL.**

*This document relates to:*
*Case No. 05-1392*
*Case No. 05-3729*
*Case No. 05-6660*
*Case No. 05-5944*

<u>ORDER AND REASONS</u>

Before the Court are the Sewerage and Water Board's ("<u>SWB</u>") separately filed Rule 59 Motion for New Trial and Reconsideration of Opinion Granting Summary Judgment Motions (Rec. Doc. No. 633); and Alternatively, Motion for Certification Under Rule 54(b) or for Designation as Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Rec. Doc. No. 634). For the reasons stated below, SWB's motions are hereby **DENIED**.

BACKGROUND

On July 24, 2006, the Court granted Motions for Summary Judgment filed by Third Party Defendants James Construction Group, LLC (Rec. Doc. No. 449); Schrenk & Peterson Consulting Engineers, Inc. and Security Insurance Company of Hartford (Rec. Doc. No. 451); Brown Cunningham & Gannuch, Inc. (Rec. Doc. No. 438); Fidelity and Guaranty Insurance Company ("<u>F&G</u>") (Rec. Doc.

No. 440); and Continental Casualty Company, Inc. (Rec. Doc. No. 439).

Several Third Party Defendant's filed a joint opposition to SWB's Rule 59 Motion (Rec. Doc. No. 656). In response to SWB's alternative motion for certification or interlocutory appeal, several third party defendants have filed responses. F&G submits no objection to the Court's entry of judgment but contends such certification under Rule 54(b) is premature due to the pending summary judgment motions and purported motions yet to be filed.[1] (Rec. Doc. No. 653 & 659). James (Rec. Doc. No. 652); BCG and CCC (Rec. Doc. No. 659); S&P and Security (Rec. Doc. No. 657) have the same position. James further contends Federal Rule of Civil Procedure 58(a)(1) requires such Judgment. (Rec. Doc. No. 652).

St. Paul Fire & Marine Insurance Company, the general liability insurer of S&P, submitted a response indicating it plans to file a motion for summary judgment following the Court's disposition of the pending *res judicata* motions. (Rec. Doc. No. 655). Huval & Associates, Inc. ("Huval") has filed a motion for summary judgment raising *res judicata* in its capacity as a "privy" of James. (Rec. doc. No. 648).

## Law and Analysis

---

[1] The Court notes Eustis, BC&G and Continental Casualty Company and Fidelity and Guaranty Insurance Company have filed subsequent motions for summary judgment on the basis of *res judicata* set for September 6, 2006 hearing date.

2

A. RULE 59 MOTION FOR NEW TRIAL AND RECONSIDERATION

The SWB seeks reconsideration based on the second element of the res judicata analysis, whether the judgment in <u>Hozenthal</u> (state court action) is final because it is currently on appeal, contending the Court did not consider its argument regarding Louisiana Code of Civil Procedure 1915(B)(1). Interestingly, SWB did not argue same during orals. The SWB argues that under this article, the state court's judgment is not final and appealable. At the start of oral argument, the Court raised this question and SWB attorneys stated the central question is the common nucleus of operative facts, and the argument moved away from this point.

Louisiana Civil Code Article 1915(B) provides that ". . . any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties . . . shall not constitute a final judgment for the purpose of an immediate appeal." The third party defendants point to a distinction between a final judgment for purposes of appeal and a final judgment with preclusive effects under the res judicata analysis. La. Code C.P. art. 1911 offers further support for the third party defendants' contention; it provides: "No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B)."

B. ALTERNATIVE MOTION FOR CERTIFICATION UNDER RULE 54(b) OR

DESIGNATION AS INTERLOCUTORY APPEAL

Rule 54(b) allows a district court, after careful consideration, to certify as a final, appealable judgment a disposition of less than all the claims or parties in a complex litigation.[2] "Rule 54(b) assigns to the district court the duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" Road Sprinkler Fitters v. Continental Sprinkler Co., 967 F.2d 145, 148 (5th Cir. 1992) (citing Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950). The policy behind the finality rule and the requirement of Rule 54(b) certification is to prohibit "piecemeal" appeals except under certain limited circumstances. Id.  A district court may direct the entry of a final judgment as to fewer than all of the claims or parties in a

---

[2] Rule 54 provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

case "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." F.R.C.P. 54(b). See <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446 U.S. 1, 100 S. Ct. 1460, 64 L. Ed. 2d 1 (1980). The Court is unable to find that "no just reason for delay" exists in this case.

The SWB alternatively seeks interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which authorizes a district judge to certify an issue for interlocutory appeal, if the issue involves "(1) a controlling issue of law, (2) substantial ground for a difference of opinion, and (3) a question whose immediate appeal from the order may materially advance the ultimate termination of the litigation." <u>Lejano v. K.S. Bandak</u>, No. 00-2990, 2000 WL 33416866, at *5 (E.D. La. Dec. 8, 2000) (citing <u>Aparicio v. Swan Lake</u>, 643 F.2d 1109, 1110 (5th Cir. 1981)). Section 1292(b) should "be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals." <u>Id.</u> (citing <u>Tolson v. United States</u>, 732 F.2d 998, 1002 (D.C. Cir. 1984)).

Title 28 of the United States Code §1292(b) was designed for exceptional cases where a decision on appeal may avoid protracted and expensive litigation. <u>Jesco Constr. Corp., v. Nationsbank Corp.</u>, 2000 WL 1251960 at *3 (E.D.La. 9/1/2000) (Porteous, J.). This is not such a case. Here, appeal of the res judicata issue

in the four flighted cases will not resolve the ultimate issues before this Court. Instead, such interlocutory appeal will only protract the litigation. Moreover, the Court's decision here does not prejudice SWB from raising the issue on appeal following a decision on the merits, if SWB is not the prevailing party. Accordingly,

**IT IS ORDERED** that the SWB's Motion for Reconsideration (Rec. Doc. No. 633) and its Alternative Motion for Certification under Rule 54(b) or Interlocutory Appeal (Rec. Doc. No. 664) are hereby **DENIED**.

New Orleans, Louisiana, this 31st day of August, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE