```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MARGARET M. SHIMON, ET AL.               * CIVIL ACTION

VERSUS                                   * NO: 05-1392

SEWERAGE & WATER BOARD OF                * SECTION: "B"(3)
NEW ORLEANS, ET AL.
```

## ORDER AND REASONS

Before the Court are motions for summary judgement based on *res judicata* filed on behalf of third Party Defendants Eustis Engineering, Inc. (Rec. Doc. No. 678) and Huval & Associates, Inc. (Rec. Doc. No. 714). For the following reasons, **IT IS ORDERED** the instant motions are hereby **DENIED**.

## Background

On July 24, 2006, the Court granted Motions for Summary Judgment filed by Third Party Defendants James Construction Group, LLC (Rec. Doc. No. 449); Schrenk & Peterson Consulting Engineers, Inc. and Security Insurance Company of Hartford (Rec. Doc. No. 451); Brown Cunningham & Gannuch, Inc. (Rec. Doc. No. 438); Fidelity and Guaranty Insurance Company ("F&G") (Rec. Doc. No. 440); and Continental Casualty Company, Inc. on the basis of *res judicata*. (Rec. Doc. No. 439). This Court found the state court's prior ruling maintained a preclusive effect over the four flighted cases, Shimon, Sheen, Blalock, and Smith. The Court subsequently denied a joint motion for summary judgment on the basis of *res judicata* filed on behalf of the same third-party

defendants for many of the remaining SELA Project cases before this Court. (Rec. Doc. No. 724).

The two third-party defendants filing the instant motions, Eustis and Huval, were involved with the SELA Project at issue in the captioned actions, although the third-party defendants dispute the extent of their respective projects/contracts involve SWB.

## LAW AND ANALYSIS

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)). See also Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party; the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.  Webb v. Cardiothoracic Surgery Associates of North Texas, 139 F.3d 532, 536 (5th Cir. 1998). The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. Id.  Accordingly,

conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. Travelers Ins. Co. v. Liljeberg Enter., Inc., 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Res Judicata**

"A federal court asked to give res judicata effect to a state court judgement must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Lafreniere Park Foundation v. Broussard, 221 F.3d 804, 808 (5th Cir. 2000); Production Supply Co., Inc. v. Fry Steel, Inc., 74 F.3d 76, 78 (5th Cir. 1996) (quoting E.D. Systems Corp. v. Southwestern Bell Tel. Co., 674 F.2d 453, 457 (5th Cir. 1982)).

Louisiana law provides statutory guidance for the Court. The Louisiana *res judicata* statute, La. R.S. 13:4231 provides, in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to the judgment.

Moreover, a judgment is final when it decides the merits of the case, in whole or in part. La. Code Civ. P. art. 1841. The third-party defendants ask the Court for dismissal based on the *res*

3

*judicata* effect of the state court judgment against SWB. They contend SWB has litigated to final judgment its claims arising from the SELA Project and having lost, SWB is now estopped from relitigating the claims against them in this Court.

Under La. R.S. 13:4231(2), the Louisiana Supreme Court in Burguieres v. Pollingue, 843 So. 2d 1049, 1053 (La. 2003), articulated a five part test for analyzing whether a second action should be barred on *res judicata* grounds if:

(1) the judgment is valid;

(2) the judgment is final;

(3) the parties are the same;

(4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and

(5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
See also Broussard, 221 F.3d at 809; Wooley v. State Farm Fire and Cas. Ins. Co., 893 So.2d 746, 771 (La. 2005).

The Court has held this test was met for the four flighted cases (Case Nos. 05-1392, 05-3729, 05-6660, 05-5944), (Rec. Doc. No. 449), but not for the remaining SELA Project cases, (Rec. Doc. No. 724 & 780). Eustis and Huval contend the first four elements of the res judicata analysis may be imputed from the Court's July 24, 2006 decision. We agree.

To satisfy the final element, that the cause or causes of

action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first action, Eustis argues it was in "privity" with BCG and Huval argues it was in "privity" with James, entitling the third-party defendants to summary judgment on the basis of *res judicata*. Under federal law, nonparties who are deemed "privies" of the parties in a prior action may bind parties where (1) the non-party is the successor in interest of a party; (2) the nonparty controlled the prior litigation; or (3) the nonparty's interests were adequately represented by a party to the action who may be considered the "virtual representative" of the non-party because the interests of the party and the nonparty are so closely aligned. Forum for Equality PAC v. Thibodeaux, 893 So. 2d 738, 745 (La. 01/19/05) (citations omitted). The third party defendants have argued privity through "virtual representation" and it is to this argument we now turn.

In certain limited circumstances, the Fifth Circuit has held that "a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." Meza v. General Battery Corp., 908 F.2d 1262, 1272-73 (5th Cir. 1990) (citing Aerojet-General Corp. v. Askew, 511 F.2d 710, 719) (5th Cir.), appeal dismissed, 423 U.S. 908, (1975). "The question of virtual representation is to be kept within 'strict confines.' Among the 'strict confines' is a requirement that there be 'an express or implied legal relationship in which parties to the

5

first suit are accountable to non-parties who file a subsequent suit raising identical issues." Id. (no virtual representation where party in prior action had no contractual duty or statutory obligation to represent nonparty). See also Gummow v. Splined Tools Corp., 2005 U.S. Dist. LEXIS 10947 (W.D.La.) (denying "virtual representation" claim). Marine Office of America Corp. v. Vulcan MV, 921 F.Supp. 368, 373 (E.D. La. 1996) (requiring more than just a "parallel interest" to show virtual representation). Benson & Ford, Inc. v. Wanda Petroleum Co., 833 F.2d 1172, 1175 (5th Cir. 1987). The Fifth Circuit has found virtual representation in cases involving a parent corporation and its wholly-owned subsidiary based on an alter-ego theory, Southwest Airlines Co. v. Texas International Airlines, 546 F.2d 84, 97 (5th Cir. 1977). District Courts have denied a finding of virtual representative based on a relationship of licensee and licensor, Gummow v. Splined Tools Corp., et al., 2005 U.S. Dist. LEXIS 10947 *9 (E.D.La. 2005); and have required more than a showing of "parallel interest." Vulcan MV, 921 F.2d at 1175.

 Eustis and Huval argue that their "close alignment of interests," as subcontractors, with parties to the prior state court action, specifically, BCG and James, provides sufficient identity of the parties under the doctrine of virtual representation to satisfy the privity requirement of *res judicata* despite the fact that neither was a party to the state court actions.

**C. "Virtual Representatives"**

The threshold issue is whether BCG or James had a duty of accountability to Eustis or Huval in connection with the state court litigation. To support its position, Eustis characterizes its relationship with BCG as a sub-consultant, making BCG a prime consultant. (Rec. Doc. No. 678 at 1). Citing SWB's Opposition to BCG's motion for summary judgment on the basis of *res judicata*, Eustis contends Eustis' subcontractor relationship with BCG is uncontested, and therefore its contractual obligations to BCG provide no liability to SWB. See (Rec. Doc. No. 519 at 5) ("BCG hired [Eustis] to monitor dewatering activity"). Further, Eustis contends that at trial, BCG would have to prove Eustis' non-liability in order to support a finding of BCG's non-liability. In response, the SWB contends the Eustis-BCG contract is not the sole basis of Eustis' liability. SWB points to Eustis' soil testing conducted on behalf of James, its vibration monitoring contract with James, and its investigation conducted for the US Army Corps of Engineers. SWB further contests Eustis' characterization of a contractor-subcontractor relationship between Eustis and BCG. (Rec. Doc. No. 727 at 3-5). In turn, Eustis avers none of these additional contractual relationships provide any basis for liability to the SWB. (Rec. Doc. No. 736 at 7-9).  The Court finds SWB has raised a material issue of fact as to whether Eustis' sole involvement in the SELA Project was its contract with BCG.

The case Eustis cites in support of its position,[1] <u>Bowman v. Liberty Mutual Insurance Co.</u>, 149 So.2d 723 (La. App. 1st Cir. 1963), is distinguishable here. The court in <u>Bowman</u> held that where suit was brought against an employer based on the negligence of its employee, a subsequent action against the employee is barred by *res judicata*. Here, there is a question of fact as to whether the SWB's claims derive from a source beyond its contract with BCG; therefore, the Court cannot apply <u>Bowman</u> to the instant situation.

Similarly, Huval contends its sole involvement in the SELA project was as a subcontractor of James and is therefore entitled to summary judgment as James' "privy." (Rec. Doc. No. 714 at 1). In response, SWB points to contractual provisions not at issue in the state court cases. The Court finds a material issue of fact exists regarding Huval's status as a subcontractor with James and SWB's beneficiary status following said contractual agreement. In the "LIABILITY-INDEMNITY" provision of the James-Huval subcontract agreement, SWB is arguable indemnified against Huval as the "Owner". (Rec. Doc. No. 766 at 8). This is an issue best resolved by the trier of fact. The Court further notes the stage

---

[1] <u>Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery</u>, 44 F.3d 800 (9th Cir. 1995), also cited by Eustis, is not persuasive here. In <u>Ahlstrom Recovery</u>, one of the defendant corporations hired plaintiff and plaintiff then contracted with its affiliate for materials.  Pursuant to suit  on several claims, including poor engineering, the plaintiffs' initial state court claim was submitted to arbitration. The parties stipulated that all claims were considered before the arbitration panel, including those brought in the subsequent federal action. <u>Id.</u> at 802. Here, the parties squarely dispute whether SWB's claims against Eustis were considered in the prior state court action.

of discovery for many of the related actions is still early. Accordingly,

**IT IS ORDERED that the Motions** for Summary Judgment filed on behalf of Eustis and Huval are hereby **DENIED**, without prejudice.

New Orleans, Louisiana, this 22nd day of September, 2006.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE