UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET M. SHIMON, ET AL.              * CIVIL ACTION

VERSUS                                  * NO: 05-1392

SEWERAGE & WATER BOARD OF               * SECTION: "B"(3)
NEW ORLEANS, ET AL.

## ORDER AND REASONS

Before the Court is Defendant and third-party plaintiff, Sewerage and Water Board of New Orleans' ("SWB") motion for summary judgment with respect to the claims of Plaintiff, Ernest Brumfield. (Rec. Doc. No. 747). For the following reasons, **IT IS ORDERED** that the motion is hereby **DENIED**.

## Background

Plaintiff lives at 3233 Louisiana Avenue Parkway, New Orleans, Louisiana. In his deposition, he testified that the damage to his home, which is the basis for the present suit, was caused by a construction project that ran up his street from the intersection of Louisiana Avenue Parkway and South Claiborne Avenue to the intersection of Louisiana Avenue Parkway and South Broad Street.[1] Plaintiff claims that the complained of construction project was part of a larger series of construction projects known collectively as the Southeast Louisiana Drainage Improvement Project ("SELA Project"), undertaken by the Defendant, the Sewage and Water Board of New Orleans ("SWB").[2] In the Petition, Plaintiff alleges that the Defendant "is liable . . . for full and fair compensatory damages resulting from the defendant's construction activities and furtherance of the

---

[1] Deposition of Ernest Brumfield, p. 319, ln. 21-p. 320, ln. 19.

[2] Petition for Damages, ¶ VI.

SELA Project."[3]

Defendant contends that the damage to Plaintiff's home was not caused by the SELA project because: (1) Plaintiff admits in his deposition that the damage was caused by a separate project unrelated to the SELA project; (2) Mr. Becker, Superintendent for SWB, states in his affidavit the SELA project was not in any way related to the construction projects around Louisiana Avenue Parkway; (3) Daniel Heyer, Plaintiff's causation expert, admits in his deposition that the SELA Project could not have caused any damage to Plaintiff's home.  (Rec. Doc. No. 814 at 1-5).

Plaintiff, however, asserts that it is unclear whether the work complained of is related to the SELA project.  (Rec. Doc. No. 763 at 2-4).  In the alternative, if Defendant's motion is granted, Plaintiff asks the court to dismiss Plaintiff's claims against Defendant only in the *Shimon* case, but reserve his rights to pursue his claims as a class member in the class action case, *Batchelor*, which was consolidated with all SELA-related cases.  *Id*. at 5-6.

## Law and Analysis

A.  SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(C).  *See also* Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.  Webb v. Cardiothoracic

---

[3] *Id.* at ¶ 31.

Surgery Associates of North Texas, 139 F.3d 532, 536 (5th Cir. 1998). The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. Travelers Ins. Co. v. Liljeberg Enter., Inc., 7 F.3d 1203, 1207 (5th Cir. 1993).

B.      GENUINE ISSUES OF MATERIAL FACT EXIST

Defendant contends that it is entitled to summary judgment because Plaintiff, in his deposition, testified that he believed that the damage to his home was not attributable to the SELA projects on or around Napolean and Claiborne Avenues, but was instead caused by construction work done by Wallace C. Drennan, Inc. General Contractors in the Louisiana Avenue Parkway area. (Rec. Doc. No. 747 at 2-3). In his affidavit, Joseph Becker, Superintendent for SWB, states that the SELA project was not in any way related to the construction projects around Louisiana Avenue Parkway.[4] Assuming arguendo that this is true, it does not provide any proof that the nearby SELA projects in the Claiborne Avenue areas could not have caused the damage to Plaintiff's home. Furthermore, Plaintiff is not an engineer, causation expert, or otherwise qualified to determine for certain who or what caused the damage to his home. Therefore, his deposition testimony is not dispositive.

In addition, Defendant contends that Daniel Heyer, Plaintiff's causation expert, admits in his deposition that the SELA Project could not have caused any damage to Plaintiff's home. (Rec. Doc. No. 832 at 2). However, this is an exaggeration. Mr. Heyer did testify that the construction on Napolean Avenue (part of SELA) did not cause the damage to Plaintiff's home.[5] Further, Mr. Heyer testified that, based on the information available to him at his deposition, the construction on Louisiana Parkway (*not*

---

[4]Deposition of Joseph Becker, ¶ 6.

[5]Deposition of Daniel Heyer, p. 265.

3

part of SELA) did not cause the damage to Plaintiff's home.[6] However, when asked specifically about the construction on Claiborne Avenue, which *was* part of the SELA project, Mr. Heyer testified that he could not yet make a determination as to causation.[7] Therefore, Mr. Heyer's testimony does not establish that the SELA Project could not have caused any damage to Plaintiff's home.

In light of the fact that numerous construction projects were being undertaken simultaneously in the area surrounding Plaintiff's home, additional discovery will be especially helpful in determining causation. Thus, a genuine issue of material fact exists which precludes granting a motion for summary judgment. Accordingly,

Defendant's Motion for Summary Judgement is **DENIED.** Further, **IT IS ORDERED** that Plaintiff's request, in the alternative, that he be allowed to participate in and assert his claim in the "Batchelor" case is **DENIED**.

New Orleans, Louisiana, this 27th day of November, 2007.

_____
IVAN L.R. LEMELLE
UNITED STATES JUDGE

---

[6]*Id.* at 266-67.

[7]*Id.* at 265.