


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET M. SHIMON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1392** |
| **SEWAGE & WATER BOARD OF NEW ORLEANS, ET AL.** | **SECTION: B (3)** |

**ORDER AND REASONS**

Before the Court is Third Party Defendant, Huval & Associated, Inc.'s Motion for Reconsideration (Rec. Doc. No. 815). For the following reasons, the motion is **DENIED**.

The Fifth Circuit has explained that when a case is decided dispositively without a trial in the district court, subsequent relief, even if entitled a motion for new trial, is more properly construed as a request for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 338 (5th Cir. 1997); *see also Thomas v. Great Atlantic and Pacific Tea Co., Inc.*, 233 F.3d 326, 327 n.1 (5th Cir. 2000) (noting that the district court correctly treated the motion for reconsideration of entry of summary judgment as a motion to alter or amend under Fed. R. Civ. P. 59(e)); *Patin v. Allied Signal Ins.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990)(motion to reconsider entry of summary judgment is properly styled as a Rule 59(e) Motion); and *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998) ("The Federal Rules of Civil

___ Fee___
___ Process___
X Dktd___
___ CtRmDep___
___ Doc. No___

Procedure do not provide for a "Motion for Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment."). Because the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration, a motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within ten days of the challenged ruling or judgment and under Rule 60 if filed beyond that time. *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Freeman v. County of Bexar*, 142 F.3d 848, 852 and n.7 (5th Cir. 1998); and *Hamilton Plaintiffs*, 147 F.3d at 371 n.10. Huval filed its motion within ten days of the Court's order dated September 22, 2006, in which the Court denied summary judgment (Rec. Doc. No. 806). Therefore, the motion to reconsider will be examined under Rule 59(e).

The Court should refrain from altering or amending a ruling or judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present: (1) the judgment is based upon manifest errors of law or fact; (2) the existence of newly discovered or previously unavailable evidence; (3) manifest injustice will result; or (4) an intervening change in controlling law has occurred. *See* 11 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 125-27 (1995) ("Wright & Miller"). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001); Wright & Miller, § 2810.1 at 127-28; *and Clay v. Daichi Shipping*, 2000 WL 6269, at *1 (E.D. La. Jan. 5, 2000). Further, recycled arguments—previously rejected by the court—serve only to waste judicial resources. *See Self*, 172 F. Supp. 2d at 816; and *Louisiana v. Sprint Communications, Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)(noting that the standards applicable to Rule 59(e) favor the denial of motions to alter or amend a judgment); *see also* 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 124 (1995). Accordingly, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration." *Id.*; *see also Baustian v. Louisiana*, 929 F. Supp. 980, 981 (E.D. La. 1996). The Court must balance between two competing interests: the desire to achieve and maintain a final judgment and the desire to reach a just decision based upon the evidence. The *Freeman* court instructed the Court to consider the following in striking the balance: "the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." 142 F.3d at 853.

The arguments presented do not satisfy the criteria imposed by the Fifth Circuit to justify the granting of Rule 59(e) relief. Huval has failed to show that the court must correct a manifest error of law or fact, that it has newly discovered or previously unavailable evidence, that the court must prevent a manifest injustice, or that an intervening change in controlling law has occurred since the time of the ruling. Huval argues that perhaps the Court issued its ruling prior to receiving Huval's Reply Memorandum. (Rec. Doc. No. 815 at 2). However, this theory does not entitle Huval to Rule 59(e) relief. Moreover, Huval does not present any additional arguments in its motion to reconsider that were not previously considered by the Court in ruling

on the motion for summary judgment. Finding that the third party defendants have not provided the Court any basis for altering its ruling or judgment,

**IT IS ORDERED** that the motion is **DENIED.**

New Orleans, Louisiana, this 5th day of January, 2007.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE