UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIMON, ET AL                                      CIVIL ACTION

VERSUS                                             NO. 05-1392

SEWERAGE & WATER BOARD OF N. O., ET AL             SECTION: "B"(1)

ORDER AND REASONS

Third-party Defendant Citywide Testing & Inspection, Inc. filed a 12(b)(6) motion to dismiss. For the following reasons, **IT IS ORDERED** that said third-party Defendant's motion (Rec. Doc. No. 858) is **DENIED**.

LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure gives the Court the authority to dismiss a claim for failure of the pleading "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Fifth Circuit has established that a motion to dismiss under Rule 12(b)(6) is disfavored and a district court should only dismiss a case if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, in analyzing a 12(b)(6) motion, the complaint must be "liberally construed in favor of the plaintiff, and all well-pleaded facts accepted as true." *Id.* at 375 (*citing Kaiser Aluminum & Chem. Sales*

*v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

The issue is not whether the plaintiff will ultimately prevail, but "whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 586 (5th Cir. 1999) (*citing* 5 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 601 (1969)); *Doe v. Hillsboro Independent School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). If the complaint states a valid claim for relief, the motion cannot be granted. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001); *see St. Paul Mercury Ins. Co. v. Williamson*, 224 F. 3d 425, 440 n.8 (5th Cir. 2000). Thus, a court should not dismiss a claim unless the plaintiff would not be entitled to relief under <u>any</u> set of facts or <u>any</u> possible theory that he or she could prove consistent with the allegations in the complaint. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). In the instant case, SWB may be able to prove a set of facts in support of its claims that will entitle it to relief based on allegations set forth in the third-party demand.

In the original complaint, Plaintiffs assert that SWB is strictly liable as the owner of the project for damages resulting. (Rec. Doc. No. 1). In response, SWB asserts that it is entitled to seek indemnification from Citywide Testing & Inspection, Inc., because Citywide is the third-party consultant who actually

2

performed the defective work that resulted in damage to the plaintiffs' property.

Louisiana law allows a party held to be strictly liable as the alleged owner of a project to seek indemnity from the party who actually performed the work as long as the party seeking indemnity is not negligent. *See Nassif v. Sunrise Homes, Inc.* 739 So. 2d 183, 185 (La. 1999); *Dusenbury v. McMoRan Exploration Co.*, 458 So. 2d 102, 105 (La. 1984). Also, while it is illegal for a public entity to require a contractor to indemnify the public entity for its own fault, there is no such restriction on a public entity seeking indemnification for damages due to defective work performed by the contractor. *See Mossy Motors, Inc. v. The Sewerage and Water Bd. of the City of N.O.,* 753 So. 2d 269 (La. App. 4th Cir. 1999); *Recotta Trucking Co. v. State Dep't Of Transp. & Dev.,* 576 So. 2d 85, 90 (La. App. 4th Cir. 1990), *writ denied,* 577 So. 2d 34 (La. 1991). SWB claims that Citywide is liable for the defective work, so SWB is entitled to seek indemnification, which Louisiana allows. Thus, SWB may prove a set of facts in support of its claim for indemnification entitling it to relief.

Additionally, Louisiana law recognizes actions by an owner or a contractor against a subcontractor even when there is no direct contract between the parties. *See Colbert v. B.F. Carvin Constr. Co.,* 600 So. 2d 719 (La. App. 5th Cir.). SWB claims that it has a cause of action against Citywide for negligent professional

undertaking based on Plaintiffs' suit against SWB. Although SWB has not been held liable to date, the Court finds that SWB's claims against Citywide are sufficient to survive a motion to dismiss because supplementary evidence provided by SWB may establish that Citywide acted negligently in improperly providing groundwater and vibration monitoring services for the drainage improvement project.

Finally, Louisiana law provides that "a contracting party may stipulate a benefit for a third person called a third party beneficiary." La. Civ. Code art. 1978. There are three criteria involved with determining whether contracting parties have provided a benefit for a third party: (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided for the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So. 2d 1206, 1212 (La. 2006). A clear manifestation to benefit the third party may be implied from consideration of the whole contract in light of the surrounding circumstances. *Merco Mfg., Inc. v. J.P. McMichael Constr. Co.,* 372 F. Supp. 967, 971 (W.D.La. 1974).

SWB asserts that the contract between Citywide and BCG establishes SWB as a third-party beneficiary by incorporating the "Prime Agreement" between SWB and BCG and establishing that SWB is the ultimate beneficiary of work performed under the

4

contract.[1] The Louisiana Supreme Court has established that "a direct action by the party suffering the ultimate loss against the party ultimately responsible for it avoids the multiplicity and circuitry of action otherwise necessary to achieve the payment of the loss to the one who suffered it by the one who caused it." *State v. Simoni, Heck & Assoc.*, 331 So. 2d 478 (La. 1976).

Although Citywide did not contract directly with SWB, SWB may assert facts and evidence that prove that Citywide's performance under its contract with BCG was intended to benefit SWB as the owner of the project. The contract between Citywide and BCG incorporates the prime agreement between BCG and SWB.[2] The contract between BCG and Citywide makes it clear through the incorporation clause that SWB is the beneficiary for any work performed under the contract with Citywide. Looking at the entire contract between BCG and Citywide and the surrounding circumstances, it is clear that the contract intended to benefit

---

[1] The prime agreement is the agreement between SWB and BCG for professional engineering services to be provided by BCG. This agreement created the relationship between SWB and BCG, which allowed BCG to contract with Citywide for groundwater and vibration monitoring services to be performed on the drainage improvement project that SWB owned.

[2] The contract states: Engineer (BCG) has made an agreement dated July28, 1995 with the SWB, which is herein referred to as the Prime Agreement and which provides for Engineer performing professional services in connection with the project described therein. Engineer hereby engages Consultant (Citywide) to furnish for Engineer certain services in accordance with the terms and conditions of this agreement. A copy of the Prime Agreement is attached and made a part thereof and marked as Exhibit "A". *Exhibit 1, p 1.*

SWB and the benefit is the monitoring services stipulated in the contract to be provided by Citywide. Furthermore, it is clear from an examination of the contract's incorporation clause that the benefit is not a mere incident of the contract between BCG and Citywide.[3]

This case is similar to *State v. Simoni*. 331 So. 2d 478 (La. 1976). In that case, the Louisiana Office Building Corporation ("LOBC"), a Louisiana public entity, contracted with an architectural firm for the construction of a state building. Following the initial contract, the architectural firm contracted with a third-party consulting engineer to provide specific services for the project. Soon thereafter, the LOBC brought suit against the consulting engineer as a third party beneficiary to the secondary contract. The court found that the state, as the ultimate owner of the building, and the LOBC were entitled to bring suit as third-party beneficiaries. *Id.* at 482. Similarly, although Citywide did not contract directly with SWB, Citywide's performance under its contract with BCG was intended to benefit SWB as the owner of the drainage project.

Additionally, SWB may also provide facts and evidence that support its assertion that the incorporation of the prime agreement between itself and BCG negates the effect of the "no

---

[3] The contract between Citywide and BCG is not a matter outside the pleadings due to the contract being referenced throughout the third-party demand and attached as Exhibit A.

rights or benefits" clause, allowing SWB to assert its rights as a third-party beneficiary. As such, SWB may present facts and evidence entitling it to relief.

SWB has stated claims that may entitle it to relief under some set of facts or some possible theory that it may prove to be consistent with the allegations in the third-party demand. Accordingly, **IT IS ORDERED** that the instant motion to dismiss is **DENIED**.

New Orleans, Louisiana, this 3rd day of April, 2007.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE