UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARGARET M. SHIMON, wife of and PATRICK SHIMON, et al | CIVIL ACTION NO. 05-1392 |
| | SECTION: "B"(3) |
| VERSUS | JUDGE LEMELLE |
| SEWERAGE & WATER BOARD OF NEW ORLEANS, et al | MAGISTRATE KNOWLES |

*This document relates to: :*
*All cases :*

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration of Order Granting Sewerage & Water Board Leave to File Amended Answer (Rec. Doc. No. 938). For the following reasons,

**IT IS ORDERED** that the motion for reconsideration is **GRANTED.**[1]

The deadline to amend pleadings in the present action was May 1, 2006. Subsequent to that time, the Court ruled on substantive motions that potentially impacted Defendant and Third Party Plaintiff, Sewerage & Water Board of New Orleans ("SWB's") defenses in the case. Thereafter, SWB sought to amend its answer to add two additional defenses. SWB alleged that these other defenses were already asserted in the case, and, as a result, it sought to clarify its position in light of the Court's rulings.

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule shall not be modified

---

[1] The Court grants Plaintiffs' motion for reconsideration for the limited purpose of issuing written reasons for its order dated December 20, 2006, (Rec. Doc. No. 895), in which the Court granted SWB's Motion for Leave to File First Supplemental and Amending Answer (Rec. Doc. No. 890).

except upon showing of good cause and by leave of the district judge . . . ."  FED. R. CIV. P. 16(b).  To determine if good cause exists, the Court must weigh four factors, including: 1) the explanation for the failure to timely move for leave to amend; 2) the importance of the amendment; 3) potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice.  *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 546 (5th Cir. 2003).  Upon weighing these factors, the Court finds that good cause exists.

SWB's explanation for failing to timely seek leave to amend is arguably reasonable.  Following the May 1, 2006 deadline, the Court granted summary judgment in favor of various third party defendants on the grounds of *res judicata*.  Central to SWB's answer were assertions that any damages caused to Plaintiffs were caused by these dismissed third parties.  Therefore, the dismissal of "key parties" to the litigation, at least in the eyes of SWB, necessitated an amendment.

In addition, the amendment could potentially be of great importance to SWB.  First, the amendment clarifies its original answer which asserts third party claims against those who are no longer parties to this suit.  Furthermore, if successful on its immunity claims, SWB could not be held liable under Plaintiffs' strict liability claims.

More importantly, considering the third and fourth factors, allowing the proposed amendment did not prejudice any of the existing parties for several reasons.  Notably, as of the date of the Court's order, more than five months remained before the start of trial.  Therefore, more than adequate time remained for Plaintiffs to conduct discovery on these issues which were arguably part of this litigation since its initial filing.  In any event, this length of time provided Plaintiffs with numerous opportunities to move the Court to continue discovery deadlines to address these additional affirmative defenses.  Thus, for the above reasons, the Court finds that

good cause exists for granting SWB leave to amend.  Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **GRANTED for the limited purpose of clarifying the Court's December 20, 2007 order.**

New Orleans, Louisiana, this 23rd day of April, 2007.

_____
UNITED STATES DISTRICT JUDGE