UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARGARET M. SHIMON, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-1392** |
| **SEWERAGE & WATER BOARD OF NEW ORLEANS, ET AL.** | * | **SECTION "B"(3)** |

*This document relates to all cases:*

## ORDER AND REASONS

The Court held oral argument on Wednesday, April 25, 2007. For reasons stated orally and for the following reasons,

**IT IS ORDERED THAT:**

**(1) Terra Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 897) is DENIED.** Issues of material fact are in dispute, including whether any Hurricane Katrina claims were actually filed against Eustis during 2005 and, if so, to what extent the policy allows Terra to aggregate multiple claims involving different projects filed against Eustis and treat them as a single claim.

**(2) Zurich American Insurance Company's Motion for Partial Summary Judgment on Issue of Controlling Law (Rec. Doc. No. 948) is DENIED as premature.** Zurich seeks summary judgment on an unpled claim, asking the Court to apply Michigan law to any potential conflict that may arise relating to a coverage dispute. Therefore, there is no actual case or controversy. The Court cannot issue an advisory opinion as to how the policy will be interpreted in the event that coverage disputes arise in the future.

**(3) Zurich American Insurance Company's Motion for Summary Judgment as Insurer (Rec. Doc. No. 962) is GRANTED.** The Louisiana Direct Action statute does not

create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured. *Dumas v. United States Fidelity & Guaranty Co.*, 241 La. 1096, 1117, 134 So.2d 45, 52 (1961); *Ruiz v. Clancy*, 182 La. 935, 950, 162 So. 734, 738 (1935).  Accordingly, there must be legal liability on the part of the insured (James Construction Group, L.L.C.) for Zurich to be held liable.  Although the insured is still a party to this action, the Court granted its motion for summary judgment.  Therefore, the Sewerage and Water Board of New Orleans, ("SWB"), effectively has no substantive cause of action against the insured and, thus, no cause of action against Zurich.

**(4) Plaintiffs, the Shimons', LeFlore's, Brumfield's, Pitts' and Rome's Motion for Partial Summary Judgment (Rec. Doc. No. 1004) is DENIED.**  The Court declines to give *Holzenthal v. Sewerage & Water Board of New Orleans*, 06-0796 (La. App. 4 Cir. 1/10/07); 950 So. 2d 55, preclusive effect as it pertains to said Plaintiffs' claims.

**(5) St. Paul Fire and Marine Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 1022) is GRANTED.**  *See* discussion *supra* Part (3).

**(6) First Specialty Insurance Corporation's Motion for Summary Judgment (Rec. Doc. No. 1023) is DENIED.**  The evidence suggests that the majority of Plaintiffs' claimed damages arise, at least in their origin, out of defective design, which was a task completed by professionals.  It would be premature, however, for the Court to find that *all* of Plaintiffs' damages "arose out of" such activity.  Notably, the exclusion would likely apply if Plaintiffs' damages can be traced to the rendering of professional services, as defined in the policy, by either SWB or some third party, even absent proof that the party rendering such services

breached the applicable standard of care.

**(7) American Empire Surplus Lines Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 1024) is DENIED.** *See* discussion *supra* Part (6).

**(8) SWB's Motion for Partial Summary Judgment Against Citywide (Rec. Doc. No. 1025) is DENIED.** Issues of material fact are in dispute, including whether Citywide's contract with Brown, Cunningham, & Gannuch, ("BCG"), required Citywide to determine where the monitoring equipment should be set up on a daily basis and if Dr. Boutwell's expert report establishes that Citywide breached the applicable standard of care by recording and/or reporting inaccurate vibration levels.

**(9) SWB's Motion to Set Aside Interlocutory Ruling (Rec. Doc. No. 1027) is DENIED.** In the present motion, the SWB urges the Court to reconsider and set aside its prior order, dated July 24, 2007, (Rec. Doc. No. 593), in which the Court granted summary judgment to certain third party defendant contractors and their respective insurance companies based on the *res judicata* effect of *Holzenthal v. Sewerage & Water Board of New Orleans*, 06-0796 (La. App. 4 Cir. 1/10/07); 950 So. 2d 55. In *Holzenthal*, the court held that said third party defendants were not liable to the SWB. Despite granting their prior motions for summary judgment, we declined to enter final judgment and dismiss those third party defendants from the present action, noting that "the facts and expert discovery may lead to reconsideration of the Court's order." (Rec. Doc. No. 843). SWB contends that new evidence suggests that said third party defendants are possibly liable as relating the claims in the above captioned action.[1]

---

[1] Interestingly, in all its motions in which it opposes the preclusive effect of *Holzenthal*, SWB argues that *Holzenthal* cannot be given such effect because the construction on the north end was more likely to cause damage than the construction on the south end. Based on the state court judgment exonerating said third party defendants for their activities on the north end, that logic actually weakens SWB's argument as it relates to this motion.

After reviewing the evidence presented in the relevant briefs and at oral argument, the Court finds, consistent with its prior order, (Rec. Doc. No. 593), that *Holzenthal* must be given preclusive effect as it pertains to SWB's claims against those third party defendants who were parties in the state court proceeding and were held not liable based on the contracts that governed their relationship with SWB and the Army Corps of Engineers. Although the construction activities at issue in the present litigation are not identical to those litigated in *Holzenthal*, the causes of action asserted by SWB "arose out of the same transaction or occurrence that was the subject matter of the first suit." LA. REV. STAT. § 13:4231, cmt.(a) (1990). Specifically, the same contracts govern the third party defendants' relationships with SWB and the Army Corps of Engineers in this case. Therefore, considering the voluminous testimony previously presented in the state court proceedings and subsequent evidence presented to this Court in the relevant briefs and at oral argument, the Court declines to set aside its prior order dated July 24, 2007, (Rec. Doc. No. 593).

**(10) SWB's Motion for Partial Summary Judgment Against Huval & Associates (Rec. Doc. No. 1029) is DENIED.** Numerous issues of material fact remain disputed, which preclude granting summary judgment as to SWB's breach of contract and tort claims. *See, e.g.*, discussion *infra* Part (15).

**(11) Eustis Engineering Company, Inc.'s Motion for Summary Judgment (Rec. Doc. No. 1030) is DENIED.** SWB is a third party beneficiary to the subcontract between BCG and Eustis and can assert breach of contract claims. *See* Rec. Doc. No. 1083 at 3 (holding SWB to be a third party beneficiary to the subcontract between BCG and Citywide); discussion *infra* Part (13) (holding SWB to be a third party beneficiary to the subcontract between Huval and James).

4

Moreover, two experts, Dr. Gordon Boutwell and Marion Skouby opined that Eustis' groundwater monitoring piezometers were placed at the wrong sand strata.  In addition, it is unclear from the testimony of two Army Corps of Engineer witnesses, John Grieshaber and Timothy Roth, whether Eustis adequately informed SWB of the water drawdown problem.  Finally, there is conflicting testimony on both sides as to the extent of Eustis' responsibilities per the subcontract and the exact role it played in the project.

**(12) Huval & Associates, Inc.'s Motion for Partial Summary Judgment on SWB's Breach of Contract Claims (Rec. Doc. No. 1031) is GRANTED in part as pertaining to the claims of Ernest Brumfield, Heuray Pitts and Maude Rome and DENIED in part as pertaining to the claims of the remaining plaintiffs.** *See* discussion *infra* Parts (14), (16)-(18).

**(13) Huval & Associates, Inc.'s Motion for Judgment of the Pleadings (Rec. Doc. No. 1034) is DENIED.** Louisiana law allows a party held to be strictly liable as the alleged owner of a project to seek indemnity from the party who actually performed the work as long as the party seeking indemnity is not negligent.  *See* Rec. Doc. No. 1083 at 3.  In *Holzenthal v. Sewerage & Water Board of New Orleans*, 06-0796 (La. App. 4 Cir. 1/10/07); 950 So. 2d 55, the court held SWB liable for strict liability and inverse condemnation, not negligence.  Moreover, Louisiana law recognizes actions by an owner or a contractor against a subcontractor even when there is no direct contract between the parties if plaintiff is a third party beneficiary.  Similar to the subcontract between BCG and Citywide, (Rec. Doc. No. 1083), SWB is a third party beneficiary to the subcontract between Huval and James.  The Huval subcontract expressly requires that Huval defend, indemnify and hold harmless the SWB.  An indemnity agreement in favor of SWB manifests an intent of James and Huval to benefit SWB via the subcontract.

**(14) Huval & Associates, Inc.'s Motion for Summary Judgment of SWB's Claims as they pertain to Brumfield, Pitts and Rome (Rec. Doc. No. 1035) is GRANTED as unopposed.** Accordingly, Pitts' and Rome's claims, as they relate only to damages resulting from the SELA project(s), are **DISMISSED with prejudice.**

**(15) Huval & Associates, Inc.'s Motion for Summary Judgment on Government Contractor Defense (Rec. Doc. No. 1056) is DENIED.** Numerous issues of material fact remain disputed. For example, it is unclear to what extent Huval had the discretion to design the temporary retaining structure, whether Huval breached its obligation to take all reasonable measures to prevent damage to adjacent properties and whether Huval failed to adequately warn the Corps of risks associated with the design of the temporary retaining structure.

**(16) SWB's Motion for Summary Judgment as to Clara LeFlore (Rec. Doc. No. 1060) is DENIED.** Issues of material fact are in dispute, including whether the testimonies of Daniel Heyer and Clara LeFlore, if admitted, establish that damage to the LeFlore home can be attributed to SELA activities. These issues are ultimately credibility determinations that cannot be resolved through summary judgment.

**(17) SWB's Motion for Summary Judgment as to Heuray Pitts and Maude Rome (Rec. Doc. No. 1062) is GRANTED.** *See* discussion *infra* Part (18). Accordingly, Plaintiffs' claims, as they relate only to damages resulting from the SELA project(s), are **DISMISSED with prejudice.**

**(18) SWB's Motion for Reconsideration (Rec. Doc. No. 1064) is GRANTED.**

**IT IS FURTHER ORDERED that SWB's underlying Motion for Summary Judgment With Respect to the Claims of Plaintiff, Ernest Brumfield, (Rec. Doc. No. 747) is**

**GRANTED.**  Following the Court's prior denial of SWB's original motion, the parties conducted further discovery.  Presently, Plaintiff concedes that damage to his home was not caused by the SELA project(s).  Accordingly, Brumfield's claims, as they relate only to damages resulting from the SELA project(s), are **DISMISSED with prejudice.**

**(19) Citywide Testing & Inspection, Inc.'s Motion for Summary Judgment (Rec. Doc. No. 1069) is DENIED.**  In it Order and Reasons, dated September 22, 2006, (Rec. Doc. No. 806), the Court rejected attempts by subcontractors seeking to be dismissed on *res judicata* grounds when the subcontractors were not parties to the *Holzenthal* litigation.  Similarly, Citywide was not a party in *Holzenthal*.  Moreover, in its Order and Reasons, dated April 4, 2007, (Rec. Doc. No. 1083), the Court denied Citywide's Rule 12(b)(6) motion, holding that the SWB, as a third party beneficiary, can assert claims against Citywide that are not dependant on the success of any claims against BCG.

New Orleans, Louisiana, this 30th day of April, 2007.

_____

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE