UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARGARET M. SHIMON, wife of/and**            **CIVIL ACTION**
**PATRICK SHIMON, et al.**

**VERSUS**            **NO. 05-1392**

**SEWERAGE & WATER BOARD OF NEW ORLEANS, et al.**    **SECTION "B"(3)**

ORDER AND REASONS

Before the Court is the Third Party Defendant Citywide Testing and Inspections ("Citywide")'s Motion for Reconsideration to Lift Stay to Take Deposition (Rec. Doc. No. 1304). After review of the pleadings and the applicable law, and the reasons that follow,

**IT IS ORDERED** that Defendants Motion for Reconsideration to lift Stay to Take Deposition is **DENIED.**

*BACKGROUND*

The Court dismissed certain Third Party Defendants on the grounds of res judicata on July 24, 2006. On May 29, 2007, the Court certified its July 24, 2006 opinion (Rec. Doc. No. 593) and April 30, 2007 Order Under Rule 54(b) (Rec. Doc. No. 1228), and stayed all matters referred to as the "SELA cases" except for proceedings involving the pending appeal of these certified judgments. Immediate appellate review of this ruling ensued, and the Court also ordered that the action be administratively closed without prejudice to the parties' right

1

to reopen the case.  Since granting the stay pending appeal, however, the Court granted Defendant and Third Party Plaintiff, the Sewerage and Water Board's Unopposed Motion to Lift Stay to Take Deposition of Chieko Thompson (Rec. Doc. No. 1296) on July 30, 2007.  The Court subsequently issued an order (Rec. Doc. No. 1310) on September 12, 2007, administratively closing the case, but permitted discovery, depositions and other work on an as needed basis to ensue, provided it does not conflict with issues pending before the Appellate Court.  Citywide filed its motion to Reconsider within the requisite 30 days specified in the Court's July 30,2007 Order Lifting Stay for the deposition.

Citywide moves the Court to reconsider its July 20, 2007 Order lifting stay for the purpose of deposing Chieko Thompson. Citywide claims that its failure to timely file opposition to the motion resulted from an attorney misinterpretation of the Court's denial of an expedited hearing on the motion.  Citywide also contends that this mistake was made in good faith and places no undue burden on the Sewerage and Water Board of New Orleans. Moreover, Citywide further argues that no reasonable basis in the facts exist suggesting that Chieko Thompson will leave the state.  As a result, such an allowance will amount to duplicative efforts.

In response, Respondent Sewerage and Water Board of New Orleans asserts that the Court's September 12, 2007 Administrative Closure, which permits discovery that does not conflict with issues on the appeal of this Court's Res Judicata

ruling (Rec. Doc. No. 593), renders Citywide's motion as moot. Second, Respondent highlights the standard for a motion to reconsider, and alleges that Citywide has failed to meet its requisite burden.  Third, Respondent pinpoints the inconsistency of evidence proffered by Citywide regarding the intentions of Chieko Thompson to stay in the area.

### *DISCUSSION*

**A. Administrative Closure Permits Discovery**

Respondent Sewerage and Water Board of New Orleans argues that the Administrative closure issued on September 12, 2007 renders Citywide's motion as moot.  While the Administrative Closure does permit discovery, it does not allow discovery that conflicts with issues of appeal.  Ms. Thompson serves as a potential critical witness, not as a party potentially barred from suit because of res judicata principles.  Therefore, the Court's September 12, 2007 Administrative Stay Order permitting discovery of matters not interfering with the appeal supports the lift of stay to depose Ms. Chieko Thompson.

**B.   Movant Fails to Meet Burden for Motion to Reconsider**

Citywide did not file an opposition to the Sewerage and Water Board of New Orleans' original Motion to Lift the Stay and has not satisfied the higher burden of proof of a motion to reconsider. Citywide claims that it somehow mistook this Court's order denying the Sewerage & Water Board of New Orleans' request for an expedited hearing for an order denying its Motion to Lift the Stay. There was no ambiguity in the Court's

3

order denying the expedited hearing, and the pleadings surrounding the Motion to Lift Stay clearly showed that the Motion was to be briefed as a contested motion. While counsel for Citywide has admitted this error, Citywide's failure to properly oppose the motion in the first place does not nullify the Court's previous decision. This Court has already issued an Order lifting the stay, and a motion to reconsider requires: 1) an intervening change in controlling law; 2) availability of new evidence not previously available; or 3) the need to correct a clear error of law or present manifest injustice. *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource*, Inc., 2004 WL 1488665, at *1 (E.D. La. 2004). Citywide has not met this burden, as there has been no change in the law, no new evidence, and no clear error of law or injustice.  The order for Administrative Closure issued by the Court on September 12, 2007 along with the Movant's failure to meet the burden to reconsider support the **DENIAL** of the Movant's Motion for Reconsideration of Motion to Lift Stay to Take Deposition.

## *CONCLUSION*

For the above stated reasons, the Motion for Reconsideration of Motion to Lift Stay to Take Deposition is **DENIED.**

New Orleans, Louisiana, this 29th day of February, 2008.

UNITED STATES DISTRICT COURT

4