# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET M. SHIMON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1392 (Ref. 06-2460)** |
| **SEWERAGE AND WATER BOARD OF NEW ORLEANS, ET AL**. | **SECTION "B" (3)** |

On May 19, 2010, the Court heard oral argument on three Motions for Leave to File Complaint in Intervention [Doc. ##1556, 1558 and 1559]. Present were Joseph M. Bruno on behalf of plaintiffs, Richard Vale on behalf of defendants Wallace C. Drennan, Inc. and the Gray Insurance Co., Craig Mitchell on behalf of defendant Sewerage and Water Board of New Orleans, Daniel Rauh on behalf of National Union Fire Insurance Company of Louisiana and C.R. Pitman Construction Company, Inc., Jeffrey Green on behalf of DMJM+Harris, Inc. and Rahman & Associates, Inc., Mary Hamilton on behalf of Huval & Associates and XL Specialty Insurance Co., Kristin Jones on behalf of Boh Bros. Construction Co., L.L.C., Courtney Fuller on behalf of Citywide Testing & Inspections, Inc., John Stewart on behalf of Brown, Cunningham & Gannuch, Inc. and Continental Casualty Company, David Bourgeois on behalf of Brown, Cunningham & Gannuch, Inc., Sarah Miller Johnson on behalf of National Union Insurance Company, George Richaud on behalf of Fidelity Excess and Surplus Insurance and American Empire Surplus Lines Insurance, Robert Peyton on behalf of T.L. James Company, Inc., Brent Maggie for C&S Consultants, Inc. and Lee Kohler on behalf of Eustis Engineering Co., Inc. Following oral argument, the Court took the

motions under advisement.

> Federal Rule of Civil Procedure 24(a) states that
>
> On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The four part test for intervention test is (1) timeliness; (2) an interest relating to the action; (3) that the interest would be impaired or impeded by the case; and (4) that the interest is not adequately represented by existing parties. *See Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994); 6 James W. Moore et al., Moore's Federal Practice § 24.03[1][a], at 24-21 through 24-22 (3d ed. 2008). The first part, timeliness, is governed by the four-part test in *Stallworth v. Monsanto Co.*, 558 F.2d 257 (5th Cir. 1977): (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene; (2) the extent of prejudice to existing parties from allowing late intervention; (3) the extent of prejudice to the would-be intervenor if the petition is denied; and (4) any unusual circumstances. *See id.* at 263-66; *accord Ruiz v. Estelle*, 161 F.3d 814, 827-28 (5th Cir. 1998).

While the Court sympathizes with the potential intervenors and their allegations that the Southeastern Louisiana Urban Flood Control Project ("SELA Project") damaged their property, the Court can not neglect the untimeliness of the motions to intervene. The first bellwether trial in this suit is scheduled on September 27, 2010, with a discovery deadline of July 27, 2010. This suit has been pending in this Court since April 2005. Were the Court to grant the motions, the Court would be opening a new round of discovery as to the intervenors only two months before the discovery

deadline. This the Court is not inclined to do. Such a result would severely prejudice all of the defendants in that they would be forced to initiate an entirely new round of discovery as to the potential intervenors. The SELA project ended years ago, and intervenors should have known of their claims at that time. Accordingly,

**IT IS ORDERED** that the three Motions for Leave to File Complaint in Intervention [Doc. ##1556, 1558 and 1559] are DENIED.

New Orleans, Louisiana, this 28th day of May, 2010.

_____
DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE