UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARGARET M. SHIMON, ET AL.** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 05-1392 |
| **SEWERAGE & WATER BOARD OF NEW ORLEANS, ET AL.** | * | SECTION "B"(3) |

*This document relates to:*
Case No. 04-1374 *Fureigh*
Case No. 04-1587 *Miles*
Case No. 05-6661 *Flom*
Case No. 05-6662 *Kelly*
Case No. 06-2460 *Bachelor*
Case no. 06-0551 *Giuffria*
Case no. 06-2947 *Lima*
Case No. 06-2990 *Napoleon Properties, LLC*
Case No. 05-3326 *Wilson*
Case No. 06-10781 *Breaux*

**ORDER AND REASONS**

The Motions for Summary Judgment and for Entry of Final Judgment filed by third-party Defendants BCG Engineering & Consulting, Inc. ("BCG"), Fidelity and Guaranty Insurance Company ("Fidelity"), and Continental Casualty Company ("Continental") (Rec. Doc. No. 1458); James Construction Group, LLC ("James") (Rec. Doc. No. 1473); and Schrenk & Peterson Consulting Engineers, Inc. ("Schrenk") and Security Insurance Company of Hartford ("Security") (Rec. Doc. No. 1476) are **GRANTED**.[1] The claims asserted by

---

[1] In addition to summary judgment, third-party Defendants also seek entry of final judgment under Federal Rule of Civil Procedure 54(b), arguing that there is no just reason for delay, given their years involved with this litigation and considerable resources required to remain involved in the action. Furthermore,

1

Defendant Sewerage and Water Board of New Orleans ("SWB") against said third-party Defendants are thereby **DISMISSED**. All three motions are opposed (Rec. Doc. Nos. 1484, 1496, and 1501). Third-party Defendants also filed replies (Rec. Doc. Nos. 1499, 1541, and 1543).

*BACKGROUND*:

The Southeastern Louisiana Urban Flood Control Project, Napoleon Avenue Covered Canal ("the SELA Project") called for construction of drainage improvements in accordance with specifications and supervision provided by the Army Corps of Engineers ("the Corps"). The SELA Project was funded by the federal government and the City of New Orleans in an arrangement between the Project's co-sponsors, the Corps, and SWB.

Pursuant to the contract between the Corps and SWB, Schrenk (the engineering firm appointed by SWB) designed the SELA Project, subject to the Corps' approval. On or about September 8, 1999, James entered into a contract with the Corps to perform the SELA Project. Additionally, SWB hired BCG as consultants for the entire SELA Project. As part of its contractual duties, BCG implemented a vibration and dewatering monitoring program. To implement the

---

this Court previously issued a final judgment to these same third-party Defendants under Rule 54(b) after granting summary judgment in their favor in the *Shimon*, *Blalock*, *Smith*, and *Sheen* consolidated actions. The Court finds no just reason to deny an identical request for entry of final judgment under Rule 54(b) here.

programs, BCG hired Citywide Inspection and Testing ("Citywide") and James hired Eustis Engineering Company ("Eustis") to monitor the dewatering activity.

On October 16, 2001, Plaintiffs Carlos R. Galan, M.D., Jean and Fred Feran, and Rita and Henry Holzenthal filed separate state court actions seeking recovery of damages allegedly caused by the SELA Project. (Rec. Doc. No. 449 Exs. 1-3). SWB also filed third-party demands against the same third-party Defendants who have filed motions for summary judgment here. The *Holzenthal*, *Feren*, and *Galan* actions were consolidated, and a non-jury trial was held before Judge Carolyn Gill-Jefferson in March and April 2005. *See Holzenthal v. Sewerage & Water Bd.*, 06-796, pp. 1-3 (La. App. 4 Cir. 1/10/07); 950 So. 2d 55, 59-60.

At the close of the SWB's case on April 25, 2005, the state court in *Holzenthal* granted oral motions for involuntary dismissal of SWB's cross-claims in accordance with 1672(B) of the Louisiana Code of Civil Procedure, dismissing with prejudice SWB's claims against the same third-party Defendants who have filed motions for summary judgment here (*See* Rec. Doc. No. 449 Ex. 5). The state court judge issued judgment on those claims (*See* Rec. Doc. No. 449 Ex. 6) and denied SWB's motion for new trial on March 10, 2006 (Rec. Doc. No. 449 Exs. 7 & 8). SWB filed an appeal from these judgments to the Louisiana Fourth Circuit Court of Appeal; SWB's appeal was unsuccessful, as the lower court was affirmed.

Based on their victories in the *Holzenthal* state court action, these third-party Defendants filed motions for summary judgment in federal court in the consolidated *Shimon*, *Blalock*, *Smith*, and *Sheen* cases. (*See* Rec. Doc. Nos. 438, 439, 440, 449, and 451.) This Court granted summary judgment as to all third-party Defendants (Rec. Doc. No. 593), finding that all elements of Louisiana's res judicata statute had been met. The Court subsequently denied SWB's motion for reconsideration of that ruling (Rec. Doc. No. 1265), and this decision was affirmed by the Fifth Circuit. *See Shimon v. Sewerage & Water Bd. of New Orleans*, 565 F.3d 195 (5th Cir. 2009). Meanwhile, the state court system made similar holdings involving other *Holzenthal* plaintiffs, which applied res judicata to bar SWB from relitigating its indemnity claims against the third-party Defendants. *See Holzenthal v. Sewerage & Water Bd. of New Orleans*, 08-493 (La. App. 4 Cir. 12/3/08); 999 So. 2d 1191.

## I. STANDARDS OF REVIEW

### A. Summary Judgment

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in

4

favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine factual issue. *Celotex Corp.*, 477 U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Res Judicata**

When determining the preclusive effect of a state court judgment -- in this case, the *Holzenthal* decisions -- the Court must use the res judicata principles under the law of that state. *Hernandez v. City of Lafayette*, 699 F.2d 734, 736 (5th Cir. 1983). Similarly, when analyzing the preclusive effect of a federal court judgment -- in this case, the previous grant of summary judgment to third-party Defendants in *Shimon* -- the Court must use federal law to determine whether res judicata applies. *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664 (5th Cir. 1994).

As such, the Louisiana state court judgment in *Holzenthal*

5

favoring third-party Defendants bars the subsequent federal action here if: "(1) the judgment is valid; (2) the judgment is final; (3) the parties to the two actions are the same; (4) the cause of action asserted in the federal suit existed at the time of the prior state court judgment; and (5) the cause of action asserted in the federal suit arose out of the transaction or occurrence that was the subject matter of the state court litigation." *See Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 809 (5th Cir. 2000) (citing La. R.S. 13:4231); *see also Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 95-654, p. 12 (La. 1/16/96); 666 So. 2d 624, 632.

> [T]he claim extinguished by a first judgment "includes all rights of the planitiff[-in-reconvention] to remedies against the defendant[-in-reconvention] with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."
>
> What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Lafreniere Park Found.*, 221 F.3d at 810 (citing Restatement (Second) of Judgments § 24). Louisiana law provides for "broad application of res judicata to foster judicial efficiency and protect litigants from duplicative litigation." *Id.* at 808. Importantly, the Louisiana preclusion statute "is modeled on the federal doctrine and Restatement of Judgments, replicating the same

6

concepts of bar and merger . . . , [and] federal res judicata jurisprudence [can be consulted] for guidance."[2] *Id.*

Under federal law, res judicata bars a subsequent action if: (1) the prior action involved the same parties; (2) the prior action involved the same cause of action; (3) the prior action reached final judgment on the merits; and (4) the prior action was determined by a court of competent jurisdiction. *Agrilectric Power Partners, Ltd.*, 20 F.3d at 664-65. In determining whether the same "cause of action" is involved in the two suits, courts apply a "transactional test" to determine "'whether the plaintiff bases the two actions on the same nucleus of operative facts.'" *Id.* at 665 (quoting *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990)). Thus, the transactional test under federal res judicata law and the transactional test under Louisiana res judicata law conform to the same standard, i.e., identifying whether both actions involve parallel factual scenarios.

## II. ANALYSIS

In their opposition memoranda, SWB argues that two elements required to establish res judicata are not met. It is undisputed

---

[2] The elements for establishing res judicata under federal law are essentially identical to the res judicata elements under Louisiana law, except that Louisiana requires proof of one additional element -- that the cause of action asserted in the federal suit existed at the time of the prior state court judgment. Accordingly, the analysis that follows will focus on the res judicata requirements under Louisiana law because they are already inclusive of federal res judicata requirements.

that three of the five elemets were met -- that the previous judgments were valid/rendered in courts of competent jurisdiction, that the previous judgments were final, and that the parties to the previous and current litigation are the same (In this case, SWB versus third-party Defendants; Plaintiffs have no interest in the SWB versus third-party Defendant litigation.). However, SWB urges that the prior state and federal court judgments at issue here did not arise from the same transaction or occurrence/common nucleus of operative facts as the current litigation. SWB also contends that its claims for indemnity against third-party Defendants here did not exist at the time of the prior state court judgments -- a required element for res judicata under Louisiana law only. The Court will address each argument in turn.

**A. Same Transaction or Occurrence/Common Nucleus of Operative Facts**

Application of the transactional test set forth by the Fifth Circuit, *see Lafreniere Park Foundation*, 221 F.3d at 810 (citing Restatement (Second) of Judgments § 24), to the facts of this case indicates that the prior state and federal litigation dealt with the same transaction or occurrence/common nucleus of operative fact as the above-captioned consolidated actions currently at issue. This Court has already held that the first *Holzenthal* judgment precluded relitigation of SWB's claims against third-party Defendants in four other consolidated federal actions in the *Shimon* case. *See Shimon v. Sewerage & Water Bd. of New Orleans*, Civil

Action No. 05-1392, 2006 WL 2088304, at *4 (E.D. La. July 25, 2006). Specifically, this Court has already rejected SWB's argument that the SELA Project created a series of transactions or occurrences. *Id.* The Fifth Circuit affirmed, relying on a subsequent state court judgment that found the first *Holzenthal* action to have precluded those subsequent claims. *See Shimon*, 565 F.3d at 199. As this Court, the Fifth Circuit, and the Louisiana state courts have already found, the facts at issue in this consolidated litigation arise out of the SELA Project as a whole –– not from each distinct construction sub-project. *See id.* (quoting *Holzenthal*, 999 So. 2d at 1197) ("'[T]he causes of action were not limited to those specific plaintiffs, but to the project as a whole.'"). Also, the facts at issue here relate closely enough in time, space, origin, and motivation to the previous state and federal SELA Project litigation to satisfy res judicata requirements. *See id.* ("'All of the present plaintiffs' claims arose out of SELA, a project that was going to cause unavoidable damage to the properties in the vicinity. All of SWB's claims against the third-party defendants are for breach of contract, issues addressed in *Holzenthal I*."). Furthermore, the above-captioned litigation clearly forms a convenient trial unit with the previously litigated cases, as all of these SELA Project actions are consolidated under *Shimon* (or were consolidated under *Holzenthal* and subsequently removed and consolidated under *Shimon*).

This consolidation into a single unit for purposes of trial conforms to the parties' expectations, as judicial efficiency dictates that these cases be tried as a unit.

As in the previous federal court judgment in *Shimon* in favor of third-party Defendants, SWB's second argument also fails. The mere fact that different plaintiffs in the above-captioned matter create a different set of operative facts from the previous judgments also fails. *See id.* (quoting *Holzenthal*, 999 So. 2d at 1197) ("'[T]he causes of action were not limited to those specific plaintiffs, but to the project as a whole.'"). Furthermore, the pertinent facts at issue in the litigation between SWB and third-party Defendants here -- which involves contractual liability -- do not concern the facts at issue in the litigation between Plaintiffs and SWB -- which involves tort liability. Thus, the existence of different Plaintiffs with different claims related to the SELA Project is insufficient to bring the current litigation outside of the nucleus of operative fact at issue in the previously rendered judgments. The Court therefore finds that third-party Defendants have met the transactional test required for res judicata to bar the current litigation.

SWB alternatively contends that there is a genuine issue of material fact as to whether the services provided by third-party Defendants here comprised the same transaction or occurrence as the prior judgments. However, SWB failed to identify any truly

disputed *factual* issues in any of their statements of disputed facts. Instead, SWB cites only *legal* issues that are in dispute, making legal conclusions in their statements of disputed facts rather than identifying material issues of fact that would render third-party Defendants' motions not yet ripe for summary judgment disposition. (*See* Rec. Doc. Nos. 1484-4, 1496-1, and 1501-1.)

   **B.   Existence of the Cause of Action Asserted in the Federal Suit at the Time of the Prior State Court Judgment**

Significantly, this particular res judicata element is required only under Louisiana law -- not federal law. *Compare Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 809 (5th Cir. 2000) (citing La. R.S. 13:4231) *with Agrilectric Power Partners, Ltd.*, 20 F.3d at 664-65 (listing elements required under federal res judicata law).

In Louisiana, indemnification claims do not exist until the indemnity claimant suffers the loss, i.e., payment of the underlying claim or judgment. *Reggio v. E.T.I.*, 07-1433, p. 9 (La. 12/12/08); 15 So. 3d 951, 957; *see also Smith Int'l, Inc. v. The Egle Group, LLC*, 490 F.3d 380, 388-89 (5th Cir. 2007). As such, the element requiring that the cause of action asserted in the federal suit exist at the time of the previously litigated state suit is not met here. However, the fact that this Louisiana res judicata element is not met does not preclude this Court from finding that all elements under federal res judicata law are met. As such, under federal principles of res judicata, the previous

judgment by this Court in the *Shimon, Blalock, Smith*, and *Sheen* consolidated cases in favor of the same third-party Defendants now seeking summary judgment bars the third-party claims asserted by SWB here.

New Orleans, Louisiana, this 30th day of June, 2010.

_____
UNITED STATES DISTRICT JUDGE