```
MINUTE ENTRY                                              JS10(00:27)
LEMELLE, J.
JULY 6, 2010
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARGARET M. SHIMON, ET AL.**          *     **CIVIL ACTION**
                                        *
**VERSUS**                              *     **NO. 05-1392**
                                        *     **c/w 06-2460**
**SEWERAGE & WATER BOARD OF NEW ORLEANS,** *
**ET AL.**                              *     **SECTION "B"(3)**

On Tuesday, July 6, 2010, a teleconference was held on the record regarding the pending Motions to Dismiss or Strike Plaintiffs' Motion to Certify Class and Dismiss or Strike Plaintiffs' Class Action Allegations (Rec. Doc. Nos. 1597, 1605, 1612, 1613, 1617, and 1618). The Court heard argument from counsel for movants (Huval & Associates, Inc. and XL Specialty Insurance Co.; James Construction Group, L.L.C.; Eustis Engineering Co., Inc.; Wallace C. Drennan, Inc. and The Gray Insurance Co.; DMJM + Harris, Inc.; and Rahman & Associates) and respondents (Plaintiffs in the *Batchelor* [06-2460] consolidated action). After considering the motions, Plaintiffs' opposition, the replies, and oral argument from the parties,

**IT IS ORDERED** that the Motions to Dismiss or Strike Plaintiffs' Motion to Certify Class and Dismiss or Strike Plaintiffs' Class Action Allegations (Rec. Doc. Nos. 1597, 1605, 1612, 1613, 1617, and 1618) are **DENIED**. Movants here concede that

Plaintiffs had already filed a motion for class certification in state court, prior to the removal and subsequent stay of this action. As such, movants received clear notice of Plaintiffs' intent to seek class certification. Furthermore, the Federal Rules for Civil Procedure specify that "[a]fter removal, repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2). This Court has issued no such order.

In addition, movants fail to convince this Court that they would be prejudiced by this Court's failure to dismiss Plaintiffs' motion for class certification or strike the class allegations. Movants cite to the fact that this litigation has been pending over several years, since April 2005, and argue that discovery is no longer practicable due to the intervening events that have impacted the available evidence since this lawsuit was initially filed. However, Hurricane Katrina, which struck only a few months later in August 2005, is the primary and most significant of these intervening events that has made discovery in this matter extremely difficult. As such, the evidentiary difficulties cited by movants would exist despite the years that have passed since the filing of this suit. For these reasons, dismissal of Plaintiffs' motion to certify class and/or striking of Plaintiffs' class action allegations would be improper. Accordingly,

**IT IS ORDERED** that the Motions to Dismiss or Strike Plaintiffs' Motion to Certify Class and Dismiss or Strike Plaintiffs' Class Action Allegations (Rec. Doc. Nos. 1597, 1605,

1612, 1613, 1617, and 1618) are **DENIED**.

                                                                            */s/*

                                              UNITED STATES DISTRICT JUDGE