**MINUTE ENTRY**
**KNOWLES, M.J.**
**DECEMBER 8, 2010**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARGARET M. SHIMON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1392 (Ref. 06-2460)** |
| **SEWERAGE AND WATER BOARD OF NEW ORLEANS, ET AL.** | **SECTION "B" (3)** |

On this date, the Court heard oral argument on plaintiffs' Motion for Leave to File Fourth Supplemental and Amending Complaint [Doc. #1772]. Present were Joseph M. Bruno on behalf of plaintiffs, Pamela Noya on behalf of defendants Wallace C. Brennan Co., Inc. and the Gray Insurance Co., Craig Mitchell on behalf of defendant Sewerage and Water Board of New Orleans and Betty Mullin on behalf of James Construction Group, L.L.C. For the reasons stated on the record and those outlined below,

**IT IS ORDERED** that the Motion for Leave to File Fourth Supplemental and Amending Complaint [Doc. #1772] is DENIED.

Plaintiffs seek to name a new defendant, Brown, Cunningham & Gannuch, Inc. ("BCG") and to "amend certain language regarding the actions giving rise to this dispute." [Doc. #1772-1 at p.1]. Plaintiffs have failed to meet their burden under the four-part test under Federal Rule of Civil Procedure 16 to amend their complaint. Plaintiffs must satisfy the Rule 16 "good cause" test

MJSTAR(00:05)

because the amendment deadline in the scheduling order (April 1, 2006) passed long before they filed the instant motion. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). The good cause requirement for a modification of a scheduling deadline requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* at 535. The Fifth Circuit has indicated that, in exercising its discretion to deny leave to amend a complaint, a trial court may properly consider (1) an "unexplained delay" following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed. *In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996).

Plaintiffs have waited four and a half years to add BCG to their suit when BCG originally answered the S&WB's third-party complaint on May 2, 2005. *Id.* at 316. Plaintiffs have waited over five years to add BCG as a defendant and have wholly failed to demonstrate why BCG could not have been added earlier despite their diligence. Indeed, the District Court has now rendered judgment in favor of BCG in several of these suits and dismissed the third-party claims against it. [*See, e.g.*, Doc. #1739].

And while plaintiffs argued at the oral hearing that they only seek to add BCG as a defendant, the amended complaint does not read so narrowly. Indeed, plaintiffs now seek alleged damages "as a result of the continual dispersal of hazardous substances including concrete dust into the atmosphere from *the site of drainage and flood control projects within the city of New Orleans* . . . ." [Doc. #1772-2 at ¶ II (emphasis added)]. Up until now, these lawsuits have concentrated on only the Southeastern Louisiana Urban Flood Control Project ("SELA"). The language in plaintiffs'

amended complaint appears to broaden the work sites that caused plaintiffs' alleged damages.

Defendants will thus undoubtedly suffer prejudice if the Court grants the amendment. Given that plaintiffs seek to assert claims related to other construction projects, discovery will have to be re-opened. The parties have never conducted discovery as to other work sites and have focused their attention on only the SELA project, the basis of the claims in the original complaint. A defendant will suffer prejudice if it is forced to re-open discovery on claims other than the original claim. *See Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426-27 (5th Cir. 2004); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Moreover, plaintiffs do not describe the "other" work sites or why the broader language is necessary if they only seek to add BCG as a defendant by way of the amended complaint. This case has proceeded well beyond the stage where a court would allow such a broad amendment to a pleading.

Daniel E. Knowles, III

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE