**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MARGARET M. SHIMON, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 05-1392** |
| | * | **REF: 06-2460** |
| | * | Batchelor |
| **SEWERAGE & WATER BOARD OF NEW ORLEANS, ET AL.** | * | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court is Defendant Boh Brothers' Motion for Summary Judgment and responsive pleading. (Rec. Doc. Nos. 1974 and 2020). Plaintiff Dudley Batchelor and the Sewerage & Water Board of New Orleans filed opposition thereto. (Rec. Doc. Nos. 2006 and 1993). Accordingly, and for the reasons pronounced below, **IT IS ORDERED** that Defendant Boh Brothers Motion for Summary Judgment (Rec. Doc. No. 1974) be **DENIED.**

Cause of Action and Facts of Case:

The facts of this case are well known to both the parties and the Court.

### Law and Analysis

A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

B. Prematurity

While Defendant notes that it complied with the U.S. Army Corps of Engineers' ("USACE") plans and specifications for the construction at issue, Plaintiff and Sewerage & Water Board of New Orleans ("SWB") note that Defendant could have been negligent in its contractual and professional standards even with Defendant complying with the plans and specifications. If the evidence shows that the defects were not the result of the insufficiency of plans and specification, but were the result of the quality of the work

2

done by a contractor, that contractor will not be protected by the statutory immunity provided by La.R.S. 9:2771. *Calcasieu Parish School Bd. v. Lewing Const. Co., Inc.*, 931 So.2d 492, 495 (La. App. 3 Cir. 2006)(citation omitted). It is possible that while Defendant's construction was accepted by the USACE, that acceptance does not necessarily address whether Defendant adhered to its contractual and professional standards to limit its potential damages to other property.

Moreover, Plaintiff and SWB both submit that discovery is in its nascent stages. SWB desires to depose, but has not yet deposed, one of Defendant's representatives, Dudley Batchelor, the few putative plaintiffs who live in the vicinity, and the Corps inspector who was present throughout Defendant's construction. Plaintiff desires to depose Defendant's engineering expert, Fred Vanderbrook. As such, granting summary judgment at this point would be unfair, as it would deny parties the opportunity to fully propound necessary testimony. Accordingly, and for the reasons herein articulated, **IT IS ORDERED** that Defendant Boh Brothers Motion for Summary Judgment (Rec. Doc. No. 1974) be **DENIED.**

New Orleans, Louisiana, this 18TH day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE